IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STEVEN DASHAWN SMITH, )
)
Petitioner, )
)
v. ) 1:13CV393
)
KIERAN J. SHANAHAN, )
)
)
Respondent. )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket Entry 1) and has filed a Memorandum (Docket Entry 2) in support thereof. Respondent has filed an Answer (Docket Entry 4) and Motion for Summary Judgment (Docket Entry 5). Petitioner in turn has filed a "Motion for Summary Judgment Support of His Habeas Corpus Petition" (Docket Entry 8) to which Respondent has filed a Response (Docket Entry 9). Petitioner has also filed "Objections to Recommendation of U.S. Magistrate Judge." (Docket Entry 10.)

### Background

On April 26, 2010, Petitioner was convicted after a jury trial for maintaining a dwelling for controlled substances and admitted habitual felon status and was sentenced to 90-117 months imprisonment, in cases 09 CRS 95759 and 10 CRS 24016. (Docket Entry 2, §§ 1-6, Docket Entry 6, Ex. 2 at 18-25.) Petitioner appealed and on November 15, 2011 the North Carolina Court of Appeals issued an opinion finding no error in Petitioner's convictions. *State v. Smith*, No. COA11–362, 2011 WL 5543639 (N.C. App. Nov. 15, 2011).

On March 12, 2012, Petitioner filed a Motion for Appropriate Relief ("MAR") in Superior Court, Guilford County. (Docket Entry 6, Ex. 6.) On July 9, 2012, the MAR was denied. (*Id.* at Ex. 7.) On December 6, 2012, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, which was denied on December 19, 2012. (*Id.* at Exs. 8, 10; Docket Entry 1, § 11.[1]) Finally, Petitioner submitted the instant Petition on March 13, 2013. (Docket Entry 1.)

## Petitioner's Claims

The Petition raises two claims: (1) Petitioner's habitual felon sentence violates the Eighth Amendment, and (2) he received ineffective assistance of counsel because his lawyer did not object to the introduction of an exhibit that contained six prior convictions more than ten years old. (Docket Entry 1, § 12.) Petitioner also argues in a supplemental pleading that the trial court erred in denying his motion to dismiss based on insufficient evidence. (Docket Entry 8 at 9.)

## Discussion

## Standard of Review

Where a state trial court adjudicated a petitioner's claims on their merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to such claims. That statute precludes habeas relief in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is

---

[1] Page citations to this document refer to page numbers in the CM/ECF footer.

"contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 1519 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407, 120 S.Ct. at 1520. "Unreasonable" does not mean just "incorrect" or "erroneous" and the Court must judge the reasonableness of the state court's decision from an objective, not subjective, standpoint. *Id.* at 409-11, 120 S.Ct. at 1521-23. State court factual findings are presumptively correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

a. **Ground One**

Petitioner's first claim is that "The habitual felon sentence imposed upon Petitioner violates the Eighth Amendment." (Docket Entry 1, § 12, Ground One.) This claim should be dismissed or denied for a number of reasons. First, a procedural bar forecloses this claim. Specifically, Petitioner raised the substance of this claim in his MAR (Docket Entry 6, Ex. 6 at 5), but the MAR was denied by the MAR court "in each and every respect," including as procedurally barred under N.C. Gen. Stat. § 15A–1419(a) due to Petitioner's failure to raise the claim on direct appeal. (Docket Entry 6, Ex. 7.) Absent cause and prejudice or a miscarriage of justice, a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent

3

state procedural rule. *See Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043 (1989). A procedural rule qualifies as adequate if the state court regularly or consistently applies it, *Johnson v. Mississippi*, 486 U.S. 578, 587, 108 S.Ct. 1981, 1987 (1988), and as independent if said rule does not depend on a federal constitutional determination, *Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S.Ct. 1087, 1092 (1985).

The United States Court of Appeals for the Fourth Circuit has considered whether a petitioner denied relief under N.C. Gen. Stat. § 15A–1419(a) may bring those claims in a federal habeas petition. *Boyd v. French*, 147 F.3d 319 (4th Cir. 1998). In finding that the procedural bar applies in that context, the Fourth Circuit stated:

> This court has consistently held, however, that § 15A-1419 is an adequate and independent state-law ground for decision foreclosing federal habeas review. *See Williams v. French*, 146 F.3d 203, 208-09 (4th Cir. 1998); *Ashe v. Styles*, 39 F.3d 80, 87-88 (4th Cir. 1994) (explaining that a federal habeas petition should have been denied on the basis of procedural default because the state court denied relief pursuant to § 15A-1419(a) which is "an adequate and independent state law ground of decision"); *see also O'Dell v. Netherland*, 95 F.3d 1214, 1241 (4th Cir. 1996) (en banc) (holding that unambiguous procedural rules derived from state statutes or court rules are necessarily "firmly established" (internal quotation marks omitted)), *aff'd*, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997) . . . .

*Boyd*, 147 F.3d at 332. Here, Petitioner's claim is foreclosed by the MAR court's procedural bar and he has not shown cause to excuse the procedural default, nor has Petitioner established that failure to review this claim would be a miscarriage of justice.

Next, in addition to being procedurally barred, this claim fails on its merits. The Eighth Amendment requires only that a sentence not be "grossly disproportionate" to the crime. *Graham v. Florida*, 560 U.S. 48, 59, 130 S.Ct. 2011, 2021 (2010) ("The concept of

proportionality is central to the Eighth Amendment. Embodied in the Constitution's ban on cruel and unusual punishments is the precept of justice that punishment for crime should be graduated and proportioned to the offense.") (citation omitted). The Eighth Amendment's proportionality inquiry, therefore, is simply whether, "given all the circumstances in a particular case," "the sentence is unconstitutionally excessive." *Id.* Because this necessarily requires a fact-intensive, case-by-case approach, the Supreme Court has produced numerous decisions over the years upholding proportionality challenges over numerous sentences imposed for various crimes. *See id.* at 59-60, 130 S.Ct. at 2021-22. As recognized in *Graham*, the Supreme Court has rejected several Eighth Amendment challenges to aggravated sentences that—as in this case—were the product of state recidivist sentencing schemes. *See id.* (citing *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179 (2003)) (noting that the Court has "rejected a challenge to a sentence of 25 years to life for the theft of a few golf clubs under California's so-called three-strikes recidivist sentencing scheme"); *see also id.* (citing *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133 (1980) (noting that the Court has "upheld a sentence of life with the possibility of parole for a defendant's third nonviolent felony, the crime of obtaining money by false pretenses"). In light of the above, a sentence of 90-117 months imprisonment for maintaining a dwelling for controlled substances and admitted habitual felon status is not unconstitutionally excessive and this claim fails on its merits with or without resort to AEDPA's deferential standard of review.

Petitioner may also be making what could be construed as a related or overlapping claim that he is entitled to be resentenced under more lenient state sentencing laws that were adopted after his sentencing. Like Petitioner's Eighth Amendment argument, this argument

5

is also subject to procedural default for the reasons set forth above. And this argument also fails on the merits. Here, the December 1, 2011 amendments to the Structured Sentencing Act, N.C. Gen. Stat. § 15A-1340.17 (2011) (Historical and Statutory Notes.) (December 1, 2011 amendments made prospective only for offenses committed "on or after that date"), and the North Carolina habitual felon statute were expressly made prospective only, N.C. Gen. Stat. § 14-7.1 (2011) (Historical and Statutory Notes) (Amendment prospective only.). Therefore Petitioner's request for the retroactive application of these provisions fails on the merits even without resort to AEDPA's highly deferential standard of review. Consequently, the MAR Court's denial of Petitioner's claims was neither contrary to nor an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court, nor was it based on an unreasonable determination of the facts, in light of the evidence presented in the state court proceedings. The undersigned is aware of no established Supreme Court precedent prohibiting a state legislature from prospectively reducing the maximum sentence for a crime even though prisoners who committed offenses before enactment of the state sentencing law will serve a longer term of imprisonment than prisoners who committed offenses after enactment of the sentencing law.

Indeed, courts generally presume that "legislation, especially of the criminal sort, is not to be applied retroactively" unless the legislature clearly requires otherwise. *Johnson v. United States*, 529 U.S. 694, 701, 120 S.Ct. 1795, 1801 (2000). A habeas petitioner has no federal constitutional right to retroactive application of more lenient state sentencing laws where the state legislature or the state courts have indicated that the laws are only to be applied prospectively. *See Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) ("[W]e have

repeatedly refused to find a federal constitutional right to retroactive application of the more lenient sentencing rules from which Petitioner seeks to benefit."); *McQueary v. Blodgett*, 924 F.2d 829, 834 (9th Cir. 1991) (holding prospective application of a state sentencing law did not violate equal protection for those prisoners sentenced under a prior sentencing scheme). This claim will not afford Petitioner federal habeas relief.

### b. Ground Two

Petitioner next argues that his trial counsel was ineffective for failing to object to the introduction at trial of an exhibit containing half a dozen prior convictions more than ten years old. (Docket Entry 1, §12, Ground 2.) Because Petitioner did not raise this argument on appeal (Docket Entry 6, Ex. 3 and 5), and only raised the question for the first time in his MAR (Docket Entry 6, Ex. 6 at 9), the MAR Court denied this claims as being procedurally barred (Docket Entry 6, Ex. 7). Under North Carolina law, a defendant is required to raise a claim of ineffective assistance of counsel on direct appeal that is apparent from the record. *State v. Fair*, 354 N.C. 131, 167, 667 S.E.2d 500, 525 (2001). Ineffective assistance of counsel claims are procedurally barred when the record on appeal reveals that "no further investigation would have been required to raise the claim on direct review." *Lawrence v. Branker*, 517 F.3d 700, 715 (4th Cir. 2008). This claim was apparent from the record, could have been raised on direct appeal, was not, and it is therefore procedurally barred. Petitioner has not shown cause to excuse the procedural default, nor has Petitioner established that failure to review this claim would be a miscarriage of justice.

Even assuming Petitioner could overcome this bar, his ineffective assistance of counsel claim fails on the merits. To prove ineffective assistance of counsel generally, a

petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he suffered prejudice as result. *See Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068 (1984). Unsupported, conclusory allegations do not entitle Petitioner to even a hearing. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). Prejudice requires a showing of a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have differed. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.[2]

Petitioner has not demonstrated constitutionally unreasonable performance here. Rule 609(b) of the North Carolina Rules of Evidence provides that a witness may not be cross-examined regarding a prior conviction:

> if a period of more than 10 years has elapsed since the date of the conviction *or of the release of the witness from confinement imposed for that conviction, whichever is the later date,* unless the court determines, in the interest of justice, that the probative value of

---

[2] These same standards apply to claims that appellate counsel provided ineffective assistance of counsel. *See Lawrence v. Branker*, 517 F.3d 700, 708-09 (4th Cir. 2008). Also, appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 750-54, 103 S.Ct. 3308, 3312-14 (1983); *see also Evans v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that counsel pursued sound strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Winnowing out weaker arguments to press forward with more important points constitutes an important part of effective appellate advocacy. *Jones*, 463 U.S. at 751-52, 103 S.Ct. at 3313. Prejudice can arise if "'counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.'" *Bell v. Jarvis*, 236 F.3d 149, 180 (4th Cir. 2000) (*quoting Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994)). Petitioner does not appear to be arguing that he can overcome the procedural default because his appellate counsel was ineffective, however, even if he were to do so, the argument would fail. As explained above, the evidentiary issue Petitioner raises satisfies neither element of the *Strickland* analysis.

> the conviction supported by specific facts and circumstances
> substantially outweighs its prejudicial effect.

N.C. Gen. Stat. § 8C–1, Rule 609(b) (emphasis added). As Respondent correctly points out (Docket Entry 6 at 8), Petitioner was serving a lengthy prison sentence until some time in 2000, and then went back to prison in 2006. (Docket Entry 6, Ex. 11, at 244-46). Petitioner has provided no evidence to establish that he was released from prison for his prior drug offenses more than ten years before his trial began in April of 2010. There is thus no reason to believe trial counsel should have objected to the introduction of an exhibit detailing Petitioner's prior criminal convictions. The failure to raise a meritless claim is not unreasonable performance.

Moreover, even if counsel's performance was deficient, there is no prejudice here. Petitioner testified in his own defense and admitted that he had been a drug dealer, that he had numerous drug convictions from 1993 through 2006, and that he had served a lengthy period of imprisonment for these offenses in 2000 and then went back to prison in 2006. (Docket Entry 6, Ex. 11 at 234-46.) Moreover, even setting aside the issue of Petitioner's criminal record, the evidence of Petitioner's guilt in this case was considerable, as explained above and addressed further below, and includes Petitioner's own admission to an officer that he was selling illegal drugs. (*Id.* at 141-42.) Counsel's failure to object to evidence of Petitioner's prior criminal convictions did not prejudice him. In sum, this claim also fails with or without resort to AEDPA's deferential standard of review.

### c. Sufficiency of the Evidence

Last, in his Motion for Summary Judgment (Docket Entry 8) Petitioner contends the trial court erred in failing to grant his motion to dismiss due to insufficiency of the evidence

9

as to the charge of maintaining a dwelling for controlled substances. (Docket Entry 8 at 9.) Petitioner raised this issue on direct appeal and it was rejected by the North Carolina Court of Appeals which concluded:

> In determining whether the State's evidence supports a charge of maintaining a dwelling, a court must consider "ownership of the property; occupancy of the property; repairs to the property; payment of taxes; payment of utility expenses; payment of repair expenses; and payment of rent." *State v. Bowens*, 140 N.C.App. 217, 221, 535 S.E.2d 870, 873 (2000), *disc. review denied*, 353 N .C. 383, 547 S.E.2d 417 (2001). "In determining whether a defendant maintained a dwelling for the purpose of selling illegal drugs, this Court has looked at factors including the amount of drugs present and paraphernalia found in the dwelling." *State v. Battle*, 167 N.C.App. 730, 734, 606 S.E.2d 418, 421 (2005) (emphasis omitted).
>
> In this case, we hold that the evidence sufficiently supports the State's contention that Defendant maintained a dwelling for the purpose of selling controlled substances. Officers found cocaine in the bedroom when they executed the search warrant. Although it was a small amount of cocaine, officers also found a digital scale in the kitchen, and the scale had cut marks and residue flakes on it. In addition, officers found a loaded handgun in a pocket of a coat hanging in the bedroom closet. Following the search, Defendant admitted he sold drugs to earn $300.00 or $400.00 per week, and officers found $450.00 in cash in Defendant's pocket when they searched him. Finally, Defendant signed an affidavit in which he stated he lived at the residence where the drugs and paraphernalia were found, and that he paid the rent. Although Defendant's trial testimony contradicts some of this evidence, that contradiction was an issue for the jury to resolve. Accordingly, we hold that the trial court properly denied Defendant's motion to dismiss.

*Smith*, 2011 WL 5543639, at *2.

While Petitioner did raise this issue on direct appeal, the record does not reveal that Petitioner filed a timely notice of appeal and/or petition for discretionary review to the

Supreme Court of North Carolina, within 35 days of the filing of the Court of Appeals' November 15, 2011, unpublished opinion. *See* N.C. R. App. P. Rules 14(a) and 15(b) (15 days to file from the issuance of the Court of Appeals' mandate to file notice of appeal and/or PDR in North Carolina Supreme Court) and Rule 32(b) (unless court orders otherwise, mandate issues 20 days after written opinion filed). Therefore, Petitioner's insufficiency of the evidence claim is procedurally barred from federal habeas review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 1734 (1999) (claims not raised in petition for discretionary review to state's highest court from intermediate state appellate court on direct review are non-exhausted and therefore procedurally barred from federal habeas review). Furthermore, Petitioner has not shown cause to excuse the procedural default, nor has Petitioner established that failure to review this claim would be a miscarriage of justice. For instance, Petitioner cannot claim ineffective assistance of counsel because Petitioner had no right to counsel to file a notice of appeal and/or discretionary petition in the Supreme Court of North Carolina, beyond his first appeal as of right to the North Carolina Court of Appeals. *See Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301 (1982) (no right to counsel to file petition for discretionary review to state supreme court); *Ross v. Moffitt*, 417 U.S. 600, 610, 94 S.Ct. 2437, 2444 (1974) (concluding that there is no right to free counsel beyond first appeal as of right); *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566 (1991) (where no federal constitutional right to counsel, ineffective assistance of counsel cannot constitute "cause" for procedural default).

In any event, even if it were not procedurally defaulted, Petitioner's insufficiency of the evidence claim is without merit. A federal court reviewing a habeas claim of insufficient

evidence must determine whether, after viewing the evidence in the light most favorable to the state, any rational trier-of-fact could find the essential elements of the crime beyond a reasonable doubt. *See Wright v. West*, 505 U.S. 277, 284, 112 S.Ct. 2482, 2485-86 (1992); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979). Here, in light of the evidence mentioned above, this claim fails even without resort to AEDPA's deferential standard of review. Moreover, the state court's adjudication did not reach a result contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Nor was the adjudication based on unreasonable determination of facts, in light of the evidence presented in the state court proceedings. Accordingly, this claim merits no relief.[3]

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion for Summary Judgment in Support of His Habeas Corpus Petition (Docket Entry 8) be **DENIED**, Respondent's Motion for Summary Judgment (Docket Entry 5) be **GRANTED**, that the Petition (Docket Entry 1) be **DISMISSED**, and that Judgment be entered dismissing this action.

_____
Joe L. Webster
**United States Magistrate Judge**

December 12, 2013

---

[3] Petitioner's Reply (Docket Entry 10) seems to raise Petitioner's concern that one or more of his pleadings has been considered untimely and therefore rejected on that ground alone. However, the undersigned has considered all arguments Petitioner has raised in all the pleadings he has filed in this action and has concluded that they lack merit for the reasons set forth above.